# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**PATRICIA KENNEDY,**

    **Plaintiff,**

**v.**                                                                                                     Case No.: 8:18-cv-689-T-36AAS

**DAUS INVESTMENTS, LLC,**

    **Defendant.**

_____/

## ORDER

Patricia Kennedy moves for entry of clerk's default as to Daus Investments, LLC ("Daus"). (Doc. 8).[1] Daus seeks an extension of time to file a response to the complaint. (Doc. 10).

Federal Rule of Civil Procedure 55(a), which governs the entry of default, provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or *otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (emphasis added). However, "[d]efault is to be used sparingly," as cases should be adjudicated on their merits. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002).

Here, attorney Chris Hewitt filed a Notice of Appearance on behalf of Daus on the same day Ms. Kennedy filed her motion for default. (Doc. 9). Thus, the docket itself demonstrates that entry of a clerk's default is not appropriate. The court is troubled that, prior to filing the motion for default, Ms. Kennedy's counsel was aware of Daus' recent representation by counsel and its

---

[1] Ms. Kennedy's motion fails to comply with the requirement in Local Rule 1.05(a), M.D. Fla., that the text in all pleadings and papers be double-spaced.

1

intention to respond to the complaint. (*See* Doc. 10, p. 2). Because Ms. Kennedy's counsel was aware that Daus was "otherwise defend[ing]" this action, the subsequently-filed motion for default is nothing more than an inappropriate waste of judicial resources. *See* Fed. R. Civ. P. 55(a).

Daus requests an extension of time to respond to the complaint so counsel may further investigate the matter and properly respond. (Doc. 10, p. 2). Daus states in its motion that this request—the first request and for a mere twenty days—is opposed by Ms. Kennedy's counsel. Gamesmanship—the only explanation for refusing to consent to a reasonable first request for a brief extension of time to respond to a complaint—is improper and contrary to the interests of the fair and efficient administration of justice. *In re Checking Account Overdraft Litigation*, No. 09-md-02036, 2016 WL 6087709 (S.D. Fla. Oct. 17, 2016)(citation omitted). Instead, litigation must be practiced with professionalism and reasonableness.

Federal Rule of Civil Procedure 6(b), provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: … (B) on motion made after the time has expired if the party failed to act because of excusable neglect." According to the motion for extension of time, Daus relied upon the representation that its insurance carrier would be representing Daus in this action. (Doc. 10 p. 2). After receiving notice that its insurance carrier would not be representing Daus, Daus immediately retained counsel. (*Id.*). This constitutes excusable neglect and Ms. Kennedy is not prejudiced by this brief delay.

Accordingly, after due consideration, it is **ORDERED** that:

(1)   Ms. Kennedy's Motion for Default (Doc. 1) is **DENIED**.

(2)   Daus' Motion for Extension of Time to File a Response to Ms. Kennedy's Complaint (Doc. 10) is **GRANTED**. Daus shall file a response to the complaint no later than **May 29, 2018.**

**ORDERED** in Tampa, Florida on this 8th day of May, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge